## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ASHLEY CASEY | § | |
| | § | |
|     Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. 2:17-cv-12 |
| #FB-APJR MANAGEMENT, LLC | § | |
| and | § | |
| AARON PINEDA, Individually | § | JURY DEMANDED |
| | § | |
|     Defendants | § | |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff ASHLEY CASEY, by and through his undersigned attorney of record, and sues Defendants #FB-APJR MANAGEMENT, LLC and AARON PINEDA, Individually ("Defendants") and in support thereof would show unto this Honorable Court as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay Plaintiff for overtime hours worked in excess of forty hours per week at a rate of one and one-half times his regular rate of pay.

### II. JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331, Title 28 U.S.C. § 1337, and by Title 28 U.S.C. § 216(b).

4. Venue is proper in this district under 28 U.S.C. § 1391.

5. At all times pertinent to this Complaint, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

6. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

9. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

### III. PARTIES

10. Plaintiff is an individual residing in Nueces County, Texas.

11. Defendant #FB-APJR MANAGEMENT, LLC is a domestic limited liability company doing business in the State of Texas and maintains its principal office in Corpus Christi, Texas. Defendant can be served with process by serving its registered agent for service of process, Mr. Aaron Pineda, 5017 Saratoga Boulevard, Suite 119, Corpus Christi, Texas 78413.

12. AARON PINEDA is an individual who may be served with process at 5017 Saratoga Boulevard, Suite 119, Corpus Christi, Texas 78413.

## IV.     FACTUAL ALLEGATIONS

13. Plaintiff worked for Defendants from approximately March 2015 to November 2016 as a manager and sales person.

14. Although promised an ownership interest in the business, that promise was never fulfilled and Plaintiff worked as a nonexempt employee.

15. Plaintiff received a salary of $230.77 per week.

16. AARON PINEDA is an individual who is an owner and manager of #FB-APJR MANAGEMENT, LLC.

17. As an owner and manager of #FB-APJR MANAGEMENT, LLC, AARON PINEDA independently exercised control over the work situation of Plaintiff.

18. AARON PINEDA determined the wages to be paid to Plaintiff.

19. AARON PINEDA determined the work to be performed by Plaintiff.

20. AARON PINEDA maintained the employment records of Plaintiff.

21. AARON PINEDA maintained the power to discipline Plaintiff.

22. AARON PINEDA maintained the power to hire and fire Plaintiff.

23. AARON PINEDA maintained control, oversight, and direction over the operation of Defendants' employment practices, including those practices affecting Plaintiff.

24. Plaintiff was required to comply with Defendants' policies and procedures in performing his work during his employment with Defendants.

25. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours (overtime hours).

26. From March 2015 to March 2016 Plaintiff worked approximately 51 hours each week.

27. From March 2016 to November 2016 Plaintiff worked approximately 46 hours each week.

28. Based upon hours worked and amounts paid, Defendants failed to pay Plaintiff minimum wages for all hours worked. Failure to pay minimum wages was and is in violation of the FLSA. Defendants willfully violated Plaintiff's rights under the FLSA.

29. During each week of Plaintiff's employment with Defendants wherein Plaintiff worked overtime hours, Defendants failed to pay Plaintiff one and one-half times Plaintiff's regular rate of pay for each overtime hour worked (overtime compensation).

30. No justification or excuse existed for Defendants' practice of failing to compensate Plaintiff for all work performed each week.

31. Defendants were aware that Plaintiff regularly worked in excess of forty (40) hours per workweek.

## V. CAUSES OF ACTION: VIOLATION OF FLSA

32. The acts described in the preceding paragraphs violate the FLSA, which requires payment of minimum wage and prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendants willfully violated Plaintiff's rights under the FLSA.

33. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wage and overtime wages which were not paid and which should have been paid.

34. Defendants' conduct as described herein was not taken in good faith and with reasonable grounds to believe such conduct comported with the FLSA or interpretations thereof. Therefore, Plaintiff seeks and is entitled to an award of liquidated damages in an amount equal to Plaintiff's unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

35. Plaintiff also seeks compensation for expenses and costs of court that will be incurred in this action. Plaintiff is also entitled to reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 216(b).

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2. The Court award damages to Plaintiff as specified above;

3. The Court award reasonable and necessary attorney's fees and costs; and

4. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed. Plaintiff further prays for any such other relief as the Court may find proper, whether in law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted:

By: */s/ David G. Langenfeld*
    **David G. Langenfeld**
    Attorney-in-Charge
    State Bar No. 11911325
    Fed. ID No. 15878
    LEICHTER LAW FIRM
    1602 East 7th Street
    Austin, TX 78702
    Tel.: (512) 495-9995
    Fax: (512) 482-0164
    Email: david@leichterlaw.com

**ATTORNEYS FOR PLAINTIFF**